NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY BATTLE, | Civil Action No. 13-2024(FSH) |
| Petitioner, | **OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | March 26, 2014 |
| Respondent. | |

**HOCHBERG, U.S.D.J.:**

This matter comes before the Court upon the Petition by Terry Battle ("Petitioner") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**.

## I.    BACKGROUND[1]

On or about August 22, 2007, Jose N. Orozco and an unindicted individual known as "Julio" supplied approximately six kilograms of cocaine to Petitioner for sale. Petitioner then provided the cocaine to Larry McCargo to sell in Newark, New Jersey. McCargo was arrested with the cocaine in Newark on August 22, 2007. McCargo immediately began cooperating with law enforcement, which led to Petitioner's arrest. Petitioner also agreed to cooperate, and engaged in a number of consensually-monitored telephone calls with Orozco and Julio. During

---
[1] The facts set forth in this Opinion are taken from the statements in the parties' respective papers.

the calls, Petitioner told Orozco and Julio that he needed to return the cocaine. He also arranged with Orozco and Julio for Orozco to come to New Jersey from Delaware to retrieve the cocaine. When Orozco arrived in New Jersey on August 23, 2007 to retrieve the cocaine from Petitioner, he was arrested.

On August 24, 2007, Petitioner and Orozco were charged by Complaint with conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. At his initial appearance, Petitioner was represented by an Assistant Federal Public Defender. On September 4, 2007, Zilka Saunders, Esq. entered her appearance on behalf of Petitioner.

On September 27, 2007, a proposed plea agreement was sent to Saunders. The plea agreement provided that if Petitioner pleaded guilty to conspiring to distribute more than five kilograms of cocaine as charged in the Complaint, the Government would not pursue further charges against Petitioner in connection with that conduct. The plea agreement also included a Schedule A, which contained the guideline calculations to which Petitioner would have to agree as part of the agreement. Schedule A provided for a range of 151 to 188 months' imprisonment. Petitioner rejected the plea agreement and declined to further cooperate with the Government. A grand jury indicted Petitioner and Orozco on November 7, 2007.

On January 17, 2008, Petitioner filed a motion to suppress the recorded conversations he made while cooperating with the Government. After a suppression hearing, the Court denied Petitioner's motion. Trial began on March 3, 2008, and, on March 6, 2008, the jury returned guilty verdicts against both Petitioner and Orozco. Petitioner and Orozco then filed motions for new trials. These motions were denied. On December 8, 2008, Petitioner was sentenced to 360 months' imprisonment. Petitioner then filed an appeal to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed Petitioner's conviction. Petitioner filed the instant

Petition for a writ of *habeas corpus* on March 28, 2013.  Petitioner filed a Memorandum of Law in support of his Petition on April 30, 2013.  The Government filed an Answer on September 27, 2013.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a court is permitted to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the minimum authorized by law, or is otherwise subject to collateral attack."  See 28 U.S.C. § 2255.  Section 2255 may not, however, "be employed to relitigate questions which were raised and considered on direct appeal."  United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993).  In the event a petitioner does not raise a claim on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003); but see United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991) (explaining "the failure to raise an ineffective assistance of counsel claim [under § 2255] on direct appeal should not be treated as procedural fault").  In addition, the Court is mindful that the papers of a *pro se* litigant, like Petitioner in this case, are held to less demanding standards than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

## III. DISCUSSION

Petitioner makes several ineffective assistance of counsel arguments in his Petition.  To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that: (1) counsel's performance was so deficient as to deprive him of the representation guaranteed to him under the Sixth Amendment of the U.S. Constitution, and (2) the deficient performance

prejudiced the defense by depriving the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice under Strickland, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Rainey v. Varner, 603 F.3d 189, 197–98 (3d Cir. 2010) (quoting Strickland, 466 U.S. at 694). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Ross v. Varano, 712 F.3d 784, 797–98 (3d Cir. 2013) (quoting Strickland, 466 U.S. at 686)).

Petitioner first claims that Saunders failed to advise him of the benefits of accepting the Government's plea agreement. Specifically, Petitioner argues that Saunders did not advise him that: i) he would face a much lengthier sentence if he were found guilty at trial than if he accepted the plea agreement, and ii) accepting the plea agreement would qualify him for a Rule 35 motion for a downward departure. These arguments fail both prongs of the Strickland test. First, Saunders has submitted an affidavit stating that she not only explained the details of the plea agreement to Petitioner over several conversations, but that she also recommended that he accept the plea agreement. At his suppression hearing, Petitioner asserted his innocence, which is consistent with Saunders' representation that Petitioner rejected her advice to accept the plea agreement. Further, with respect to prong two of Strickland, this District has stated that "a defendant claiming ineffective assistance of counsel may show prejudice if he can show that but for his counsel's advice, he would have accepted the plea and that a plea agreement would have resulted in a lesser sentence." Rickard v. United States, No. 10-4089, 2011 WL 3610413, at *8 (D.N.J. Aug. 16, 2011). The fact that Petitioner maintained his innocence in sworn testimony before the Court weighs against his assertion that he would have accepted the plea agreement.

4

Second, Petitioner asserts that Saunders was ineffective because she did not argue at sentencing that the guidelines for career offenders are not mandatory. This argument is meritless, as the Court expressly acknowledged at sentencing that "[t]he Sentencing Guidelines are no longer mandatory but advisory upon the Court." Thus, Petitioner cannot satisfy the second prong of the Strickland test, as Petitioner was not prejudiced by Saunders' failure to advise the Court of something that the Court was already aware of. Accordingly, Petitioner's ineffective assistance of counsel claims are denied.

## IV.    CONCLUSION

For the reasons stated above, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is **denied**. Petitioner has not made a substantial showing of the denial of a constitutional right, as required by Section 102 of the Antiterrorist and Effective Death Penalty Act, 28 U.S.C. §2253(c). Accordingly, the Court will not issue a certificate of appealability. An appropriate Order accompanies this Opinion.

s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

Dated: March 26, 2014